IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

| | | |
|---|---|---|
| **DAPHNE HAMILTON-PLOTTS,** | : | **CHAPTER 13** |
| | : | |
| **Debtor** | : | **BANKRUPTCY NO. 11-** |

## CHAPTER 13 PLAN OF THE DEBTOR

1. If the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code, unsecured creditors would not be paid any dividends. Unsecured creditors will not be paid less under the terms of this Plan.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the amount of $75.00 per month for the entire 36 months of the Plan, a total of $2,700.00 to be distributed by the Trustee in accordance with the Plan.

3. The Debtor will continue making only her regular mortgage payments to BAC Home Loans Servicing, L.P. ("BAC"), the holder and/or servicer of the first mortgage on her home at 10 Beard Circle, Phoenixville, PA 19460 ("the Home"), under the terms of the loan modification agreement dated December 29, 2010, pre-petition arrearages will be capitalized so that Debtor will not make any payments to cure arrears through the Plan, and once the trial payments are completed and the loan modification agreement is made permanent, the judgment in the case, *BAC Home Loans Servicing LP et al v. Plotts, Daphne,* Chester County, Pennsylvania, Court of Common Pleas No. 2008-13586-CO, will be vacated and the action marked discontinued and ended.

4. The Debtor will file an action pursuant to 11 U.S.C. §506 to have the Court determine the value of the Home for purposes of determining the secured interest of BAC under the second mortgage on the Home. The Debtor believes that second mortgage is totally unsecured and therefore the Plan does not provide for any payment to BAC on account of the second mortgage. Once all payments due under the Plan have been made by the Debtor, BAC shall promptly satisfy the second mortgage of record at no additional cost to the Debtor.

5. The various claims of the Debtor's creditors are classified in this Plan as follows:

> A. Class One: Administrative claims. These claims include unpaid attorney's fees of at least $1,274.00, plus any additional attorney's fees allowed under the Debtor's retainer agreement with counsel, and the Trustee's compensation.
>
> B. Class Two: The secured claim of BAC against the Home under the first mortgage, that will be paid as described in paragraph 3 of the Plan.

    C. Class Three: The allowed claim, if any, of the Valley Forge Sewer Authority, and/or any other entity holding a statutory lien on the Home.

    D. Class Four: The claim of BAC against the Home under the second mortgage. This claim will be treated as described in paragraph 4 of the Plan and, if the result of the §506 action is that the second mortgage is determined to be unsecured, BAC's claim under the second mortgage will be treated as a Class Five claim.

    E. Class Five: All other claims against the Debtors that are timely filed and ultimately allowed.

    F. Class Six: All other claims that are not timely filed or are not allowed.

6. The payments received by the Trustee from the Debtor shall be distributed first to Class One claims until they are paid in full, secondly, to the Class Three claims and any portion of the Class Four claims determined by the Court to be secured until they are paid in full, and finally to the Class Five claims, pro rata. Class Two claims will not be paid from the payments made to the Trustee. The portion of the Class Four claims determined by the Court to be unsecured and allowed, will be treated as Class Five claims. Class Six claims will not receive any payment or distribution under the Plan.

7. Title of the property of the estate that is not sold shall re-vest in the Debtor upon confirmation of the Plan, and the Debtor shall have the sole right to the use and possession of the property pending confirmation and throughout the case.

8. The automatic stay shall remain in full force and effect after confirmation unless lifted or modified by Order of the Court.

9. Upon completion of this or any other duly confirmed plan, as amended, all claims listed in the Debtor's Schedules that are not liquidated and that are dischargeable under Chapter 13 of the Bankruptcy Code will be discharged. All arrears owed to the respective mortgagees on properties will be cured or satisfied, as set forth above, making only the regular, post-discharge mortgage payments due to the first mortgagee on the Home after discharge.

Date: 4-7-11

                                Daphne Hamilton, a/k/a Daphne Plotts, Debtor